## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TOM DEWITT,                    )<br>                                        )<br>                Petitioner,     )<br>                                        )<br>vs.                                   )<br>                                        )<br>JUSTIN JONES,               )<br>                                        )<br>                Respondent.  ) | Case No. CIV-06-557-F |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, has filed a petition pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). As required by Rule 4 of the Rules Governing Section 2254 Cases, the petition has been promptly examined and for the reasons set forth herein, it is recommended that the petition be dismissed upon filing.

Petitioner purports to challenge his conviction upon his plea of guilty entered on September 26, 1979, to the charge of larceny of an automobile for which he received a three-year term of imprisonment with two years and nine months of such term suspended. Case No. CRF-79-65, District Court of Kingfisher County. *See* Petition, Ex. B. Petitioner did not file a direct appeal, Petition at 2-3, but over twenty-six years later, he filed an application for post-conviction relief, which the district court denied on January 11, 2006. *See* Petition, Ex. A. Petitioner appealed that decision to the OCCA, and on May 4, 2006, the Court affirmed the denial of post-conviction relief. *Id.* In his petition, Petitioner raises two grounds for habeas relief which essentially allege, as he did on post-conviction, that

his conviction was illegal because although he was a juvenile at the time, he was convicted as an adult without being certified as an adult.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is under an obligation to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief . . . ." Because Petitioner does not satisfy the "in custody" requirement of § 2254 applications, this habeas petition should be dismissed. Moreover, it is clear that the petition is subject to dismissal because the applicable limitations period has expired. 28 U.S.C. § 2244(d)(1).

I. "In Custody" Requirement of § 2254

Title 28 U.S.C. § 2254 provides that a district court shall entertain an application for a writ of habeas corpus only on the ground that the petitioner is in custody in violation of federal law. Thus, as a prerequisite to this Court's assumption of jurisdiction over any habeas corpus claim, it is necessary that the petitioner be "in custody" under the judgment he attacks. 28 U.S.C. §§ 2241(c)(3), 2254(b); Rule 1(a)(1), Rules Governing Section 2254 Cases in the United States District Courts; See Maleng v. Cook, 490 U.S. 488, 490-91 (1989) (per curiam)(finding the "in custody" language of § 2254(a) requires that "the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."). In Lackawanna County District Attorney v. Coss, 532 U.S. 394, 394-95 (2001), the Supreme Court held that while a petitioner cannot bring a federal habeas challenge directed solely to convictions which have expired, where the petition can be construed as asserting a challenge to the sentence petitioner is currently serving as

enhanced by the allegedly invalid, expired convictions, the "in custody" requirement is satisfied. *Id.* (citing *Maleng v. Cook*, 490 U.S. at 493).

Petitioner identifies his conviction in Case No. CRF-79-65 in the District Court of Kingfisher County, Oklahoma, as the conviction he is challenging. Petition at 1, ¶¶ 1, 2, 3, and 4. It is clear from the relevant dates and length of the sentence imposed as set out in the petition that Petitioner has served the sentence he received in the conviction under attack, so that Petitioner is no longer in custody pursuant to the judgment in Case No. CRF-79-65. Although he indicates that he is presently serving a sentence imposed for a conviction other than the conviction under attack, *id.* at 2, ¶5, nothing in the petition can be read as asserting a challenge to a current conviction as enhanced by the 1979 conviction.[1] Thus, this Court does not have jurisdiction over this action, and it should be dismissed on this basis.

II.    Timeliness Under 28 U.S.C. § 2244(d)

Even if it were determined that this Court has jurisdiction, the petition would be subject to dismissal because the statute of limitations applicable to this habeas action has clearly expired. 28 U.S.C. § 2244(d)(1).[2]

---

[1]The undersigned takes judicial notice of the Oklahoma Department of Corrections website which does not reflect Petitioner's 1979 conviction but does show that he is currently serving twelve separate sentences based on convictions arising out of six separate cases in Oklahoma and Cleveland Counties. *See* Oklahoma Department of Corrections, Offender Information, at <http://www.doc.state.ok.us/ (accessed June 14, 2006). In addition, this site reflects two other Oklahoma County convictions which have been fully served. Several of Petitioner's current convictions reflect the use of prior convictions for enhancement; however, based on the chronology of Petitioner's convictions, it does not appear that Petitioner's 1979 conviction was used to enhance any of his current convictions.

[2]The undersigned finds that it is proper to raise the issue of timeliness of a petition for writ of habeas corpus sua sponte under Rule 4. *Graves v. Boone*, No. 99-7013, 1999 WL 1079626 (10th Cir. Nov. 30, 1999); *Williams v. Boone*, No. 98-6357, 1999 WL 34856 (10th Cir. Jan. 28, 1999) (affirming the Court's sua sponte dismissal of habeas corpus petition as untimely under Rule 4) (These unpublished opinions and others cited herein are cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.). Moreover, the

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which took effect on April 24, 1996, amended 28 U.S.C. §2244 to provide that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court," running from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). As a general rule, the period of limitation under this statute runs from the date the judgment became "final" as provided by § 2244(d)(1)(A), unless the Petitioner alleges facts that would implicate the provisions set forth in § 2244(d)(1)(B), (C), or (D) above. *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). Petitioner has not provided the Court with any basis to apply the alternate provisions of § 2244(d)(1)(B), (C) or (D), and so the undersigned has considered the timeliness of the petition under § 2244 (d)(1)(A).

---

undersigned's *sua sponte* consideration of whether the petition is time-barred will not prejudice Petitioner since he has an opportunity to be heard on the issue by filing a timely objection to this Report and Recommendation. *See Smith v. Dorsey*, No. 93-2229, 1994 WL 396069 (10th Cir. July 29, 1994) (finding no due process problem" where magistrate judge raised issue of procedural bar *sua sponte* and petitioner had opportunity to object to report and recommendation prior to district court's adoption thereof) (citing *Hardiman v. Reynolds*, 971 F.2d 500 (10th Cir. 1992)).

Petitioner alleges that he entered his plea of guilty in Case No. CRF-79-65 on September 26, 1979, and the Judgment and Sentence reflects that his sentence was pronounced on that date. Petition, Ex. B.  Under Oklahoma law, in order to appeal from a conviction on a guilty plea, a defendant must file an application to withdraw his guilty plea within ten days after the pronouncement of a judgment and sentence.  *See* Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals (OCCA).  Petitioner did not appeal from his guilty plea and as a result, his conviction became "final" for purposes of § 2244(d)(1)(A) on October 6, 1979.  *See* OCCA Rule 4.2(A); *see also Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001) (holding petitioner's three convictions pursuant to an entry of guilty pleas were final ten days after entry of each judgment and sentence where petitioner failed to appeal each conviction, citing OCCA Rule 4.2).  Because Petitioner's state court conviction became final before the April 24, 1996, the effective date of the AEDPA, he had until April 24, 1997, to file his federal habeas petition.  *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998) (citing *United States v. Simmonds*, 111 F.3d 737, 746 (10th Cir. 1997)).  Thus, absent any tolling event, the petition, filed over nine years later, is untimely under §2244(d)(1)(A).

Federal law provides that the limitations period is tolled for a "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2); *Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998).  Petitioner filed a post-conviction application on February 1, 2006. Petition, Ex. A.  However, this collateral proceeding did not toll the limitations period because the limitations period had already expired. *See e.g., Hansell v. LeMaster*, No. 98-2207, 1999 WL 258335, at *2 (10th Cir. April 30, 1999) (refusing to toll limitation period for time petitioner spent seeking post-conviction relief

where petitioner did not seek such relief until after the statutory period ended). Therefore, statutory tolling is unavailable.

The period of limitation also "may be subject to equitable tolling" under circumstances where application of the period of limitation would possibly render the habeas remedy "inadequate and ineffective." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). However, Petitioner has presented no facts to show that equitable tolling would be appropriate here, and moreover, equitable tolling principles apply only where a prisoner has diligently pursued his federal habeas claims. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (noting that equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control").

"[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003). Here, Petitioner did not seek federal habeas corpus relief until more than nine years after the limitations period expired. Consequently, application of the doctrine of equitable tolling is not appropriate here.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the petition for a writ of habeas corpus be dismissed upon filing based on this Court's lack of jurisdiction. Alternatively, the petition should be dismissed as untimely. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court

6

on or before July _5_, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.3d 656 (10th Cir. 1991). This Report and Recommendation disposes of all the issued referred to the undersigned Magistrate Judge in the captioned matter. The Court Clerk is directed to mail a copy of this Report and Recommendation to the Petitioner and the Oklahoma Attorney General on behalf of the Respondent.

Entered this 14th day of June, 2006.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE